# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GENERAL GRANT BELL,**

    **Plaintiff,**

vs.                                                     Case No. 4:19cv30-WS/CAS

**STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion was granted and he was assessed an initial partial filing fee. ECF No. 4. The fee has been paid, ECF No. 5, and the complaint, ECF No. 1, has been reviewed as is required by 28 U.S.C. § 1915A.

The complaint form used in this Court requires prisoner litigants to identify all prior cases filed. Plaintiff indicated that he previously filed several cases, but he did not identify them. Moreover, Plaintiff stated that he did not remember if he previously filed a claim in state court dealing with

the same issue or not. ECF No. 1 at 3. He also said he had not initiated another action in "federal court dealing with the same or similar facts/issues involved in this action." *Id.* Thus, Plaintiff acknowledged filing prior cases, but said he could not remember them. *Id.* at 4.

To refresh Plaintiff's memory, he is advised that he previously filed four habeas petitions in this Court: case numbers 5:07cv56-RS-AK, 5:10cv267-267-RS-EMT, 5:11cv309-MP-EMT, and 5:15cv95-RS-GRJ. Based on the claims raised in this case, it is likely that Plaintiff previously litigated, or attempted to litigate, the same claims and arguments raised here because the assertions made in this civil rights case are more appropriately raised in a habeas petition. More thorough review of Plaintiff's prior cases is not necessary, however, because this case cannot proceed.

Plaintiff challenges the actions of six Defendants who he claims altered his criminal trial jury selection and trial transcripts. ECF No. 1 at 5. He contends that the charging Information was altered as well as court transcripts. He challenges the involvement of several judges who participated in his trial and Rule 3.850 hearing although they personally knew his wife. *Id.* Although Plaintiff provides only a brief, one sentence

conclusory assertion against each named Defendant, it appears that these events took place in 2001. ECF No. 1 at 5.

First, the complaint does not sufficiently allege facts showing the violation of a federal constitutional right. Plaintiff instead makes conclusory allegations against each Defendant which are not sufficient to state a claim.

Second, Plaintiff's complaint challenges events which took place in 2001. *See* ECF No. 64-1 of case # 5:07cv56 (Eleventh Circuit's opinion affirming the denial of his § 2254 petition). An attachment[1] to the complaint demonstrates that Plaintiff's criminal trial was held in October 2001. ECF No. 1 at 10.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188 (citing

---

[1] One such attachment (titled as "requesting an investigation") provided additional factual assertions against the Defendants. ECF No. 1 at 10-17. It is not necessary to review those assertions because the claims are barred.

Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).  Because Plaintiff's trial occurred in 2001, the claims raised against the Defendants are barred.

Third, Plaintiff's claim is that he did not receive a fair trial in violation of his Constitutional rights.  ECF No. 1 at 7.  As relief, he seeks release from prison and "compensation for the" time he has been falsely imprisoned.  *Id.*  Such relief cannot be granted in a civil rights action and a civil rights complaint cannot be used to challenge a criminal conviction.  There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement."  Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994).  Because that is the nature of Plaintiff's complaint, this case must be dismissed.  Leave to amend the complaint is not necessary as Plaintiff has not provided any facts which challenge the conditions of his confinement.

Case No. 4:19cv30-WS/CAS

Furthermore, to the degree Plaintiff seeks monetary damages against the state court judges, such claims are barred.   When a judge acts in his judicial capacity, the judge is entitled to absolute immunity from liability for damages under § 1983  unless the judge's actions were in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In Stump v. Sparkman, the Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983."  Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996) (citing Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)).  "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity."  Simmons, 86 F.3d at 1084-1085 (quoting Stump, 435 U.S. at 362, 98 S. Ct. at 1107).  The complaint states that Defendants Cole and Register were acting in their judicial capacities as they were presiding over court proceedings.

If the first part of the test is satisfied, the second part looks at "whether the judge acted in the 'clear absence of all jurisdiction.'"  86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872)).  A judge acts in the

absence of jurisdiction when there is no subject-matter jurisdiction to hear a case, or when the acts of the judge are purely private and non judicial. Simmons, 86 F.3d at 1084-85.  Here, the actions were not private, but judicial.  Each judge was "on the bench" during a trial or hearing.   Thus, they dealt with Plaintiff in their capacities as judicial officers and Plaintiff's claims are barred by judicial immunity.[2]

Finally, Plaintiff's claim against the prosecutor and his defense counsel are barred as well.  Prosecutors also have absolutely immunity from suit under § 1983 for their actions which are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980).  Plaintiff's allegations against Defendant Finch are based on events surrounding the trial and jury selection.  Thus, Plaintiff cannot pursue a claim against Defendant Finch.

Additionally, Plaintiff does not have a viable claim to raise against his defense counsel because representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action."

---

[2] A complaint that "seeks monetary relief against a defendant who is immune from such relief" is one of the grounds which justifies dismissal.  28 U.S.C. § 1915(e)(2)(B).

There is no liability pursuant to § 1983 if an act was not taken by "a state actor." Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). In this case, Plaintiff's claim against Defendant Griffith is insufficient because he has not alleged the existence of a constitutional violation, or that any act was taken by a "state actor." The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role.). Plaintiff's claim against his public defender, Defendant Griffith, *see* ECF No. 1 at 15, is insufficient as a matter of law and cannot proceed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and because several of the Defendants are immune from Plaintiff's request for monetary damages pursuant to 28 U.S.C. § 1915(e)(2)(B), and

that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 28, 2019.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See *11th Cir. Rule 3-1; 28 U.S.C. § 636.*